UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY QUINN | CIVIL ACTION NO.: |
| Plaintiff, | SECTION: |
| vs. | MAGISTRATE: |
| CRESCENT GUARDIAN, INC. AND MARIAN H. PIERRE | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff, Anthony Quinn, ("Plaintiff") brings this action for unpaid wages against Defendants, Crescent Guardian, Inc. and Marian H. Pierre, individually, ("Defendants"), on behalf of himself and an FLSA Collective Action class due to Defendants' failure to pay him and similarly situated employees federally-mandated minimum wages for every hour they worked for Defendants in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

### JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

1

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff, Anthony Quinn, a resident of the Parish of Orleans, State of Louisiana, worked for Defendants performing security guard services for Defendants' security guard business.

5. Named Defendants herein are:

    (a) Crescent Guardian, Inc., a Louisiana corporation authorized to and doing business in the Parish of Orleans, State of Louisiana

    (b) Defendant Marian H. Pierre is the owner of Crescent Guardian, Inc. and is named as a joint employer in this action.

## FACTUAL BACKGROUND

6. In February 2017, Plaintiff was hired by Defendants to work as a security guard in connection with Defendants' business providing security guard services in the New Orleans area.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was the "employee" of Defendants within the meaning of FLSA.

10. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

13. Defendants have a payroll policy whereby they deduct the following expenses from employees' paychecks: uniforms, state licensing fees, photographs and "other expenses."

14. These deductions reduce employees' wages below the federally mandated $7.25 per hour for every hour worked during one or more pay periods while they work for Defendants.

15. For example, during Plaintiff's first week working for Defendants, he was paid $21.37 for 14 hours of work.

16. Accordingly, these deductions are in direct violation of the FLSA.

### JOINT EMPLOYER ALLEGATIONS

17. All previous paragraphs are incorporated as though fully set forth herein.

18. Defendants are in the business of furnishing security guards to persons and businesses in the New Orleans area.

19. Defendant Marian H. Pierre is the sole owner of Crescent Guardian, Inc. and is directly responsible for its hiring and termination of employees, its scheduling policies and its payroll policies.

20. Through the implementation of these policies, Defendants controlled the time, manner and place where Plaintiff worked. Plaintiff had no control over the location where he

worked for each shift, how long he worked for each shift or the manner in which he performed his work. This was determined by Defendants collectively.

21. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiff's "joint employers" under the FLSA and therefore "all of the employee['s] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

## COLLECTIVE ACTION FEDERAL LAW CLAIMS: VIOLATION OF THE FLSA
## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings the claims for unpaid minimum wages asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b) on behalf of all hourly employees who worked for Defendants but who were not paid at the federal minimum wage rate for all hours worked due to Defendants' unlawful deductions and withholdings from their paychecks.

23. Plaintiff's claims for violations of the FLSA's overtime may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid minimum wage claims asserted by Plaintiff is similar to the claims for unpaid minimum wages of the members of the proposed Collective Action Class.

24. Members of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without federally-mandated compensation.

25. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

26. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class. Plaintiff has retained counsel competent and experienced in complex employment class action and collective action litigation.

27. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

28. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT I: FAILURE TO PAY MINIMUM WAGE

29. All previous paragraphs are incorporated as though fully set forth herein.

30. While working for Defendants, Defendant made a series of deductions from Plaintiff's pay, in particular from his and the putative FLSA Collective Action Plaintiffs' first paychecks.

31. On the basis of these deductions, Plaintiff and the FLSA Collective Action Plaintiffs' pay was reduced to below the federal minimum wage rate.

32. Defendants were joint employers covered by the minimum wage mandates of the FLSA, and Plaintiff is entitled to the FLSA's minimum wage protections.

33. The FLSA requires that employees must be paid a minimum hourly wage during an applicable pay period. 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(2).

34. Defendants violated the FLSA by failing to pay Plaintiff the legally mandated minimum hourly wage for each and every hour that he worked for Defendants.

35. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

36. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if he was exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that he was not exempt.

37. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

38. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the FLSA Collective Action Plaintiffs at the federally-mandated minimum wage rate when they knew, or should have known, such was and is due.

39. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

40. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Plaintiffs suffered lost compensation in the amount of the difference between what they were paid by Defendants and the federally-mandated minimum wage, plus liquidated damages.

41. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

42. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A".

## ATTORNEY'S FEES

43. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Anthony Quinn, prays that Defendants, Crescent Guardian, Inc. and Marian H. Pierre, be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and against Defendants for all damages reasonable in the premises, and demands the following:

    a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    b.    An injunction prohibiting Defendants from engaging in future pay violations;

    c.    Awarding Plaintiff minimum wage compensation for the hours worked for Defendants;

    d.    Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

    e.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f.    Awarding Plaintiff pre-judgment interest and all other interest to which he is entitled;

/s/ *Jody Forester Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiff

**PLEASE SERVE:**

Crescent Guardian, Inc.
Through its registered agent:
Marian H. Pierre
6050 Pontchartrain Boulevard
New Orleans, Louisiana 70124

Marian H. Pierre individually
Wherever he may be found